```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STANLEY ARNOLD,                                            :

                Plaintiff,                                 :

                                                           :    09 Civ. 7299 (GWG)

        -v.-                                               :    OPINION & ORDER

MARTIN GEARY, et al.,                                      :

                Defendants.                                :
-----------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Stanley Arnold has brought this action under 42 U.S.C. § 1983 for false arrest and malicious prosecution arising out of his arrest for trespass and possession of a controlled substance. Following an earlier grant of partial summary judgment by this Court, the only remaining defendants in this case are Officers Martin Geary, Pat Salierno, and Bryant Pappas of the Yonkers Police Department (collectively, "the defendants"). The defendants have now moved for summary judgment. For the following reasons, their motion is granted.

I.    BACKGROUND

    A.    Facts

      The following facts consist of those asserted by Arnold in sworn statements and facts asserted by the defendants that have not been contested by Arnold through the submission of admissible evidence.[1]

---

[1] Arnold objects to the inclusion of certain facts in defendants' 56.1 statement, see Statement Pursuant to Local Civil Rule 56.1, dated Mar. 5, 2013 (Docket ## 161, 162, 163, 164) ("Def. 56.1 Statement"), as "beyond the scope" or "previously considered and ruled upon." Response to Loc. Civ. R. 56.1 Statement of Material Facts, filed Apr. 3, 2013 (Docket # 175)

On July 7, 2008, Arnold was arraigned in Yonkers City Court on one count of robbery in the third degree. See Decision, Order and Judgment, dated July 6, 2009 (annexed as Ex. A to Declaration of Rory McCormick, filed Mar. 6, 2013 (Docket ## 165, 166, 167, 168) ("McCormick Decl.")) ("July 09 Decision"). He was released on July 16, 2008 on his own recognizance because the District Attorney's Office was not prepared to proceed. See id. at 1–2. On August 13, 2008, Arnold failed to appear at a scheduled court hearing, and a bench warrant was issued for his arrest. See Bench Warrant, dated Aug. 14, 2008 (annexed as Ex. B to McCormick Decl.); July 09 Decision at 1–2.

Approximately two weeks later, on August 28, 2008, Officers Geary and Salierno reported that they observed an individual enter 80 School Street in Yonkers and exit several minutes later. See Yonkers Police Department Crime Investigation Report, dated Aug. 28, 2008 (annexed as Ex. M to McCormick Decl.) ("Inv. Rep."). As reflected in their police report, the officers assert that they watched this individual grab two objects from his left hand, and close his right hand into a fist as the officers approached. Id. The officers then asked the individual why he was inside 80 School Street, and he told them he lived there. Id. The officers asked the individual his name, and he stated "Stanley Arnold." Id. The officers asked what was in the individual's hand, at which point the individual "threw 2 plastic objects containing a white substance at the Undersigned Officers . . . and then fled into 80 School Street." Id. The officers were unable to locate him there. Id. In a sworn statement originally submitted as part of the briefing on the earlier summary judgment motion, Arnold denies that this incident occurred or that he was even present at 80 School Street on August 28, 2008. See Declaration of Stanley A.

---

("Pl. 56.1 Statement"), ¶¶ 3a, 3b, 6a, 6b. These objections are rejected for the reasons stated in section III below.

Arnold in Opposition to Motion for Summary Judgment, dated Sept. 22, 2011 (annexed to Plaintiff's Affirmation in Opposition to Motion for Summary Judgment, filed Oct. 3, 2011 (Docket # 115)) ("Arnold Decl."), ¶¶ 8–10.

At some point after encountering the individual at 80 State Street, the officers viewed past Booking Data Sheets at the Yonkers Detective Division in an attempt to identify the individual.  See Inv. Rep.  Upon viewing a past Booking Data Sheet under the name of "Umar Taqua AKA Stanley Arnold," they identified that individual as the person they had encountered at 80 State Street.  Id.  On September 12, 2008, Officer Geary signed a Warrant-Misdemeanor Information charging Arnold with criminal possession of a controlled substance in the seventh degree and criminal trespass in the third degree.  See Warrant-Misdemeanor Information, dated Sept. 12, 2008 (annexed as Ex. D to McCormick Decl.).

On September 12, 2008, Arnold surrendered on the bench warrant for his robbery arrest by going to court.  Arnold Decl. ¶ 11.  Because court was closed that day, he went to central booking of the Yonkers Police Department.  Id.; Yonkers Police Department Supplementary Report, dated Sept. 12, 2008 (annexed as Ex. C to McCormick Decl.).  He was booked on both the robbery charge and the two misdemeanor charges, and was placed into custody at the Yonkers City Jail.  See Yonkers Police Department Booking Data Sheet, dated Sept. 15, 2008 (annexed as Ex. N to McCormick Decl.).

At a court appearance held the next day, September 13, 2008, Arnold was ordered remanded.  See Westchester County Department of Correction Uniform Commitment Form from Local Criminal Court, dated Sept. 13, 2008 (annexed as Ex. E to McCormick Decl.) ("Sept. 13 Commitment Form"); Arnold Decl. ¶¶ 11–12.  On September 16, 2008, Arnold appeared in Yonkers City Court, where bail was set on the misdemeanor case in the amount of $1500 and his

remand status on the robbery charge was continued. See Westchester County Department of Correction Uniform Commitment Form from Local Criminal Court, dated Sept. 16, 2008 (annexed as Ex. F to McCormick Decl.) ("Sept. 16 Commitment Form"). On March 18, 2009, Arnold was indicted on the robbery charge and remained in remand status. See Superior Court Commitment Hand-Up Indictment, dated Mar. 18, 2009 (annexed as Ex. H to McCormick Decl.). On April 1, 2009, bail on the robbery charge was set at $25,000. See Superior Court Commitment, dated Apr. 1, 2009 (annexed as Ex. I to McCormick Decl.). On May 18, 2009, both misdemeanor charges were dismissed by the District Attorney's Office. Def. 56.1 Statement ¶ 5; Pl. 56.1 Statement ¶ 5.[2] On October 13, 2009, Arnold pled guilty to the robbery charge, id., and was sentenced to two to four years imprisonment, see Uniform Sentence & Commitment, dated Feb. 18, 2010 (annexed as Ex. J to McCormick Decl.).

B.  Procedural History

Arnold filed the complaint in this case on August 19, 2009, alleging claims arising out of his arrest and prosecution on the misdemeanor charges. See Complaint, filed Aug. 19, 2009 (Docket # 2); Third Amended Complaint, filed Dec. 3, 2010 (Docket # 36). On January 5, 2012, this Court issued a Report and Recommendation granting in part and denying in part defendants' prior motion for summary judgment, see Arnold v. Geary, 2012 WL 43623, at *8 (S.D.N.Y Jan. 5, 2012), which was adopted by Judge Batts on March 8, 2012, see Arnold v. Geary, 2012 WL 759963 (S.D.N.Y. Mar. 8, 2012). Specifically, this decision granted summary judgment on all claims except Arnold's claims of false arrest and malicious prosecution against Geary, Salierno,

---

[2] Because plaintiff's counterstatement pursuant to Local Civil Rule 56.1 fails to provide evidence contradicting defendants' statement contained in paragraph 5, the defendants' statement is deemed admitted. See Local Civil Rule 56.1(c), (d).

and Pappas. Arnold, 2012 WL 43623, at *8. Following this decision, the parties consented to the undersigned presiding over this matter pursuant to 28 U.S.C. § 636(c) and both parties began preparing for trial. After reviewing the parties' pre-trial submissions, the Court directed the parties to determine whether during Arnold's imprisonment on the misdemeanor charges, he was also imprisoned on the robbery charge. Following efforts to obtain more information on this topic, the defendants sought to file a summary judgment motion in light of newly discovered information and the Court granted this request. See Memorandum Endorsed Letter from Rory McCormick to the Honorable Gabriel W. Gorenstein, dated Feb. 8, 2013 (Docket # 156) ("Feb. 8 Letter"). The instant motion followed.[3]

III.   APPLICABLE LAW

    A.   Law Governing Summary Judgment Motions

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-

---

[3] See Notice of Motion, filed Mar. 6, 2013 (Docket ## 157, 158, 159, 160); Def. 56.1 Statement; McCormick Decl.; Defendants' Memorandum of Law in Support of Motion for Summary Judgment, filed Mar. 6, 2013 (Docket ## 169, 170, 171, 172) ("Def. Mem."); Plaintiff's Memorandum of Law in Opposition to Summary Judgment, filed Apr. 3, 2013 (Docket # 174) ("Pl. Mem."); Pl. 56.1 Statement; Plaintiff's Declaration in Opposition to Motion for Summary Judgment, filed Apr. 3, 2013 (Docket # 176); Defendants' Reply Declaration, filed Apr. 9, 2013 (Docket ## 178, 179, 180).

movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original) (citation omitted) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (alteration in original) (quoting Celotex, 477 U.S. at 322). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247–48).

   B. Law Governing Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under section 1983, Arnold must show that he was denied a constitutional or federal statutory right and that the deprivation of that right occurred under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not grant any substantive rights but rather "provides only a procedure for redress for the deprivation of rights established elsewhere," such as in the Constitution or a federal statute. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted), cert. denied, 512 U.S. 1240 (1994).

The elements of a false arrest claim under 42 U.S.C. § 1983 are substantially the same as the elements under New York law. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "To state a claim for false arrest under New York law, a plaintiff must show '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Savino v. City of N.Y., 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)).

"To sustain a § 1983 claim of malicious prosecution, a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (internal citation omitted). To prevail on a claim of malicious prosecution under New York tort law, a plaintiff must show "(1) that the defendant commenced or continued a criminal proceeding against [the plaintiff]; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Id.; accord O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996).

III. DISCUSSION

Defendants move for summary judgment on Arnold's claims — for false arrest and

malicious prosecution — on the ground that because Arnold was imprisoned on the robbery charges at all times that he was imprisoned on the misdemeanor charges, he suffered no deprivation of liberty. Def. Mem. at 1. Arnold argues in opposition (1) that defendants waived their right to bring this motion in various ways, Pl. Mem. at 5–7; (2) that Arnold has established all the elements necessary to prove a malicious prosecution claim, id. at 7–9; and (3) issues of fact remain regarding the false arrest claim "as to whether the but-for cause of Arnold's remand was a consequence of his false arrest on the misdemeanor case," id. at 9.

We begin by rejecting plaintiff's argument that defendants waived their right to file this motion. First, this Court specifically granted defendants leave to file this motion. See Feb. 8 Letter. More importantly, the Court allowed defendants to file a summary judgment motion at this late stage of the proceedings because the motion had the potential to present facts and arguments that would obviate the need for a trial. If, as a matter of law, any verdict favorable to the plaintiff would have to be overturned by the Court, precluding a motion for summary judgment would mean only that a pointless trial would take place.

As to the merits of the motion, defendants are entitled to summary judgment on both the false arrest and malicious prosecution claims. Arnold concedes, as he must, that he was held on the robbery charge beginning on September 12, 2008 when he turned himself in, and was remanded by court order on the robbery charge "from September 13, 2008 until April 1, 2009, at which time bail was set under [the robbery] docket in the amount of $25,000.00." Pl. 56.1 Statement ¶¶ 3c, 4c; see also Bench Warrant; Sept. 13 Uniform Commitment Form. Case law is clear that "[a] plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests." Doe v. Selsky, 841 F. Supp. 2d

730, 732 (W.D.N.Y. 2012); accord Walker v. Sankhi, 494 F. App'x 140, 142–43 (2d Cir. 2012) ("[Plaintiff's] federal false arrest and malicious prosecution claims must fail because . . . [plaintiff] could not have suffered a deprivation of liberty as a result of [one] burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted."); Dillhunt v. Theriault, 2009 WL 4985477, at *16 (N.D.N.Y. Dec. 15, 2009) (prisoner had no claim for malicious prosecution for prison disciplinary proceedings because these charges had no impact on his underlying incarceration); Parker v. City of N.Y., 2008 WL 110904, at *9 (S.D.N.Y. Jan 7, 2008) ("It is undisputed that, on the date he was arrested for the assault[,] . . .[plaintiff] was already in state custody and in the middle of trial on unrelated criminal drug charges" and therefore could not bring false arrest and malicious prosecution claims based on the assault charge); Holmes v. Grant, 2006 WL 851753, at *13–14 (S.D.N.Y. Mar. 31, 2006) ("An inmate already incarcerated has not suffered any unconstitutional deprivation of liberty as a result of being charged with new criminal offenses.") (internal citation omitted).

There was no time during the pendency of the misdemeanor charges that Arnold was not simultaneously facing the robbery charges. See, e.g., Bench Warrant; Yonkers Police Department Supplementary Report; Sept. 13 Commitment Form; Sept. 16 Commitment Form; Superior Court Commitment Hand-Up Indictment; Superior Court Commitment; Uniform Sentence and Commitment; Yonkers Police Department Booking Data Sheet. Consequently, Arnold suffered no deprivation of liberty from the pendency of the misdemeanor charges. See, e.g., Ba v. N.Y.C. Police Dep't, 2001 WL 1098019, at *6 (S.D.N.Y. Sept. 19, 2001) (where plaintiff was arrested on assault charges and thereafter charged with sexual abuse for groping police officer during booking procedures, "even if [he] could establish that he was falsely

9

accused of sexual abuse, he did not sustain a constitutional injury in the nature of false arrest" and defendants were entitled to summary judgment on false arrest and malicious prosecution claims where the original assault charge was supported by probable cause).

Plaintiff argues that he has established the elements of a malicious prosecution claim and that defendants have failed to do an "adequate analysis of the elements underlying a prima facie cause of action for malicious prosecution." Pl. Mem. at 7. But case law is clear that a "deprivation of liberty" must be shown for a plaintiff to prevail on a claim for malicious prosecution under section 1983. See, e.g., Kinzer, 316 F.3d at 143 (malicious prosecution claim requires "conduct by the defendant . . . that results in a constitutionally cognizable deprivation of liberty.") (emphasis added) (citing Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116–17 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996)); Singer, 63 F.3d at 116 ("A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must therefore show some deprivation of liberty consistent with the concept of 'seizure.'"); accord Wieder v. City of N.Y., 2013 WL 1810751, at *9 (E.D.N.Y. Apr. 29, 2013). We thus reject plaintiff's argument that incarceration is relevant only to assessing damages in a malicious prosecution claim. Pl. Mem. at 8. The case he cites in support, Williams v. Moore, 197 A.D.2d 511, 514 (2d Dep't 1993), does not even address the question of whether a malicious prosecution claimant must show a deprivation of liberty. In sum, because Arnold was incarcerated on the robbery charges at all times that the misdemeanor charges were pending, he cannot show that he was deprived of liberty in connection with the misdemeanor charges.

Plaintiff argues that his false arrest claim should proceed because he was remanded on the felony charge on September 13, 2008, only "after" the judge learned that the August 28 incident involved possession of a controlled substance. Pl. Mem. at 9; Arnold Decl. ¶ 12. He

10

thus concludes that an "issue of fact exists as to whether the but-for cause of Arnold's remand was a consequence of his false arrest on the misdemeanor case." Pl. Mem. at 9.

This argument has least three flaws. First, a deprivation of liberty is a prerequisite to a false arrest claim, see Sims v. Farrelly, 2013 WL 3972460, at *5 (S.D.N.Y. Aug. 2, 2013) (citing cases), as Arnold properly concedes, Pl. Mem. at 8. As already discussed, there was no deprivation of liberty associated with the misdemeanor arrest, as Arnold was already in custody on the robbery charge at the time he was booked on the misdemeanor charges. Second, plaintiff's argument regarding what occurred at the September 13 court proceeding appears to address only post-arraignment conduct because it speaks to the actions of the judge with respect to Arnold's bail status following the arraignment. A false arrest claim, however, must be based on conduct occurring prior to an arraignment. Singer, 63 F.3d at 117; accord Mejia v. City of N.Y., 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000).

Third, to the extent Arnold is arguing that remand or high bail would not have been ordered on the robbery charge had it not been for the pendency of the allegedly false misdemeanor charges, there is no evidence to support this assertion. Arnold relies exclusively on the fact that remand was ordered at arraignment at a point in time after the presiding judge had been informed of the misdemeanor arrest. See Arnold Decl. ¶ 12 ("While my case was on the record in court regarding the warrant on the felony case, the issue of bail arose and the Yonkers' District Attorney's office informed the judge that there was an outstanding warrant for my arrest involving events that took place with Geary and Sal[i]erno on August 28, 2008. When the Judge heard that this new arrest involved possession of a controlled substance, I was remanded."). But the mere fact that an event occurred after another event is not by itself enough to show causation. "[A]s in all § 1983 cases, the plaintiff must prove that the defendant's action

11

was a proximate cause of the plaintiff's injury." Gierlinger v. Gleason, 160 F.3d 858, 872 (2d Cir. 1998); accord Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (plaintiff in section 1983 action must prove "causation"), cert. denied, 558 U.S. 933 (2009).  Here, there is no such evidence.  Obviously, there is no testimony from the presiding judge as to whether remand would have been ordered in the absence of the misdemeanor arrest.  But there is not even circumstantial evidence on this question.  Thus, unless the jury resorted to pure speculation, there is no evidence from which it could find that the existence of the allegedly false misdemeanor charge actually caused the presiding judge to order Arnold to be remanded rather than released on some other bail status whose conditions he might have met.  In other words, there is no evidence that would allow a reasonable jury to find that the misdemeanor arrest was the proximate cause of the judge's ordering remand on the robbery charge.  See, e.g., Goncalves v. Reynolds, 198 F. Supp. 2d 278, 283 (W.D.N.Y. 2001) ("There is no evidence to support plaintiff's conclusory allegation that the assault charge 'demolished' his chances of being released on bail on those other charges.  Since plaintiff would have been in custody anyway, he cannot state a claim for false arrest."); Ba, 2001 WL 1098019, at *7 ("[T]he record contains no evidence from which it can reasonably be inferred, that the addition of a class B misdemeanor charge affected in any way the amount of [plaintiff's] bail or the length or conditions of his confinement."); see also Leniart v. Bundy, 2011 WL 4452186, at *7 (D. Conn. Sept. 26, 2011) (where plaintiff could not show "that his period of incarceration was lengthened as a result of" the relevant arrest while he was remanded on another charge, his claim for false arrest and malicious prosecution failed).

In sum, because a demonstration of the deprivation of liberty interests is necessary to both a malicious prosecution and a false arrest claim, see Kinzer, 316 F.3d at 143; Weyant, 101

F.3d at 852, and Arnold is unable to show such deprivation here given that he was incarcerated on other charges, Arnold's claims must be dismissed.

IV.    CONCLUSION

For the following reasons, defendants' motion for summary judgment (Docket ## 157, 158, 159, 160) is granted. The Clerk is requested to enter judgment dismissing the complaint and to close this case.

Dated: August 16, 2013
       New York, New York

                                                        GABRIEL W. GORENSTEIN
                                                        United States Magistrate Judge